UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-306-FDW

| | | |
|---|---|---|
| STUART WAYNE TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DUANE TERRELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's "Motion for Leave to File Motion for Reconsideration" (Doc. No. 25), and Plaintiff's motion for leave to filed an amended complaint, which he filed pursuant to 42 U.S.C. § 1983. (Doc. No. 26).

On December 11, 2013, this Court dismissed Plaintiff's § 1983 complaint following an initial review under 28 U.S.C. § 1915A. The Court found that Plaintiff, while a prisoner of the State of North Carolina, had filed three or more § 1983 complaints and been allowed to proceed without prepayment of fees in at least three of those cases. Three or more of these complaints had been dismissed as either being frivolous or for failure to state a claim for relief and the cases were final either because the time for taking appeal from the judgments had expired or the Fourth Circuit had affirmed the dismissal and the time for seeking further review had expired. Further, the Court found that Plaintiff had presented no allegations that he was in imminent danger thus he could not proceed with his § 1983 complaint without first submitting the full filing fee. Plaintiff's complaint was therefore dismissed under the provisions of 28 U.S.C. § 1915(g). As an alternative ground for dismissal, the Court found that Plaintiff failed to state a claim for relief in

1

his complaint. (Doc. No. 11: Order of Dismissal). The findings and conclusions from this Order of Dismissal are fully incorporated herein.

Through these present motions, Plaintiff, who is still incarcerated, presents the same allegations regarding the interruption of his free flowing access to send and receive mail, yet he offers no allegations supporting a claim that he is under imminent physical threat. Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a complaint should be freely granted where justice so requires. Fed. R. Civ. 15(a). A court may not deny the motion to amend a complaint "simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc) (internal citation omitted). However, a court may deny a motion to amend based on prejudice to the opposing party, a finding of bad faith by the movant, or futility. Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court finds that granting Plaintiff's motion for leave to amend his complaint would be futile as Plaintiff is prohibited from proceeding with a § 1983 complaint while proceeding *in forma pauperis* because he has had three prior § 1983 complaints dismissed as frivolous or for failure to state a claim while proceeding *in forma pauperis*; those cases are final, and he makes no showing that he is under imminent physical threat.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Motion for Leave to File Motion for Reconsideration" is **DENIED**. (Doc. No. 25).

2. Plaintiff's motion for leave to amend his complaint is **DENIED**. (Doc. No. 26).

3. Plaintiff's motions for temporary restraining order and for a preliminary injunction is

**DENIED**. (Doc. Nos. 46 and 51).

**IT IS SO ORDERED**.

Signed: July 7, 2014

Frank D. Whitney
Chief United States District Judge